UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| INTERMOUNTAIN FAIR HOUSING COUNCIL,<br><br>               Plaintiff,<br><br>    v.<br><br>CVE FALLS PARK, LLC,<br><br>               Defendant. | Case No. 2:10-cv-00346-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is Plaintiff's Motion to Alter Judgment (Dkt. 49). The Court has determined that oral argument would not significantly assist the decisional process, and will therefore consider the motion on the record and pleadings, without a hearing. The Court having reviewed the record and pleadings will deny the motion as more fully expressed below.

**BACKGROUND**

Plaintiff Intermountain Fair Housing Council filed this action alleging discriminatory housing practices by Defendant CVE Falls Park, LLC, and common law negligence. Both parties filed motions for summary judgment, and following a hearing on July 6, 2011, the Court issued a Memorandum Decision and Order (Dkt. 47), denying

**MEMORANDUM DECISION AND ORDER - 1**

both motions. The Court also invited the parties to submit additional briefing on whether Plaintiff has standing to allege a violation of § 3604(f)(1), in light of *Smith v. Pacific Properties & Dev. Corp.*, 358 F.3d 1097, 1103-05 (9th Cir. 2004). Plaintiff now moves for reconsideration of the Court's Order (Dkt. 47), and for a finding that Plaintiff has standing under § 3604(f)(1).

## ANALYSIS

1.  **Reconsideration of Order Denying Summary Judgment**

    A.  **Legal Standard**

    A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) error must be corrected; and (2) judicial efficiency demands forward progress. The former principle has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.*, 591 F.2d 74, 79-80 (9th Cir. 1979). Some would argue that such an approach is inconsistent with the fact that even an interlocutory decision becomes the "law of the case." However, the law of the case is not immutable. Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "expresses the practice of courts generally to refuse to reopen what has been decided;" it is not, however, a limit to the power of the courts. *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). Adopting a pragmatic approach, one of the most respected District Judges has concluded that "[t]he only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to

await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981) (D.J. Schwarzer).

The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988). Reconsideration of a court's prior ruling is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (citation omitted). If the motion to reconsider does not fall within one of these three categories, it must be denied.

### B.     Plaintiff Has Not Shown Clear Error

Plaintiff raises the second basis for reconsideration – that the Court committed clear error in denying Plaintiff's motion for summary judgment. However, the Court is unpersuaded that the Plaintiff has identified any clear error in the Court's prior decision.

Plaintiff presented evidence in its motion for summary judgment that Plaintiff "testers" – those posing as potential renters to gather evidence of unlawful practices – had inquired about renting from Defendant with a prescribed service animal, and were told there would be a pet deposit. *See Mem. Dec. & Ord.*, Dkt. 47 at 2-3. In denying summary judgment, the Court cited Defendant's rebuttal evidence that it had five handicapped tenants who requested and received waivers of animal deposits for their

service animals.  The Court concluded there was a genuine issue of material fact whether Defendant reasonably accommodated handicapped individuals.  *Id*. at 15.  Plaintiff argues that the Court clearly erred because Plaintiff did not seek summary judgment on a claim for denial of reasonable accommodations; thus Defendant's evidence – relied on by the Court – was irrelevant.

As this Court has discussed, the FHA's subsection on reasonable accommodation "is more an example of discrimination under § 3604(f) than a separate portion of the statute that can be violated."  *Id.* at 10.  This analysis tracks Plaintiff's complaint, which alleges a failure to reasonably accommodate under Count I – discrimination on the basis of handicap, for which Plaintiff sought summary judgment.  *Compl.*, Dkt. 1 ¶ 26; *Mot.*, Dkt. 17 at 2.  Thus, Plaintiff's attempt to distinguish and ignore the reasonable accommodation analysis in order to prevail on summary judgment fails.

As an integral part of the discrimination inquiry, the issue of reasonable accommodation is relevant.  Plaintiff has identified no error in the Court's finding that a triable issue of fact remains whether Defendant failed to reasonably accommodate.  There being no showing of error, the motion for reconsideration will be denied.

2.    **Plaintiff Lacks Standing Under § 3604(f)(1)**

At the Court's invitation, Plaintiff provided additional briefing regarding Plaintiff's standing under 42 U.S.C. § 3604(f)(1), which prohibits discrimination " in the sale or rental . . . [of] a dwelling . . . because of a handicap."  The Ninth Circuit has found that testers have standing under § 3604(f)(2) in *Smith v. Pac. Prop. & Dev't Corp.*, 358

F.3d 1097.  As in *Smith*, Plaintiff IFHC has standing under subsection (f)(2), which makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling . . .."  42 U.S.C. § 3604(f)(2).  However, the court's decision in *Smith* notes that subsection (f)(2) applies more broadly than (f)(1), which makes it unlawful "[t]o discriminate in the sale or rental . . . [of] a dwelling to any buyer or renter because of a handicap."  42 U.S.C. § 3604(f)(1).

Plaintiff points to the policy statement by the Department of Housing and Urban Development, arguing that protections in the FHA should be interpreted broadly.  *Mot.*, Dkt. 50 at 3.  Plaintiff also cites a district court decision out of the Northern District of Illinois, for the proposition that the FHA should be applied "to prohibit all practices which have the effect of denying dwellings on prohibited grounds."  *Id.* at 4 (quoting *United States v. Amer. Inst. of Real Estate Appraisers*, 442 F.Supp. 1072, 1079 (N.D. Ill. 1977)).  As demonstrated in that decision, the emphasis on broad statutory construction applies to the prohibited conduct; there is no implication that standing should be construed broadly.

The Court has already determined that Plaintiff has standing via its undisputed "personal stake" in the controversy.  *Mem. Dec. & Ord.*, Dkt. 47 at 7.  Under § 3604(f)(2), Plaintiff is free to challenge Defendant for alleged discrimination in the terms, conditions, or privileges of rental of a dwelling.  However, Plaintiff has not shown it has standing to claim discrimination in the rental of a dwelling under § 3604(f)(1).  The

Court therefore dismisses Plaintiff's claim of discrimination under § 3604(f)(1) for lack of standing.

## ORDER

**IT IS ORDERED THAT:**

1. Plaintiff's Motion for Reconsideration (Dkt. 49) is **DENIED**.

2. The Court finds that Plaintiff lacks standing to bring its claim under 42 U.S.C. § 3604(f)(1). Therefore, Plaintiff's claim under § 3604(f)(1) is **DISMISSED**.

DATED: November 22, 2011

B. Lynn Winmill
Chief Judge
United States District Court