KEN NAGY (I.S.B. No. 6176)
ATTORNEY AT LAW
P.O. Box 164
Lewiston, Idaho 83501
Telephone: (208) 301-0126
Facsimile: (888) 291-3832
E-mail: knagy@lewiston.com

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| INTERMOUNTAIN FAIR HOUSING COUNCIL, | ) ) ) | CASE NO. CV 10-346-N-BLW |
| Plaintiff, | ) ) | PRETRIAL BRIEF IN SUPPORT OF ESTABLISHMENT OF VICTIMS' |
| vs. | ) ) | COMPENSATION FUND |
| CVE FALLS PARK, L.L.C., | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

COMES NOW the Plaintiff Intermountain Fair Housing Council, by and through its

attorney of record Ken Nagy, and submits this pretrial brief in support of the establishment of a

Victims' Compensation Fund in this proceeding.

At the motions hearing convened on the 6th day of January, 2012, this Court expressed

concern regarding its authority to establish a Victims' Compensation Fund in the event that the

jury returns a verdict in favor of the Plaintiff.  This Court granted the Plaintiff leave to file a

pretrial brief setting forth authorities in support of the establishment of such a fund.

PRETRIAL BRIEF IN SUPPORT OF
ESTABLISHMENT OF VICTIMS'
COMPENSATION FUND                         1

I.   ARGUMENT

In its Verified Complaint and Demand for Jury Trial (Doc. 1) filed in this proceeding, the Plaintiff seeks the establishment of a Victims' Compensation Fund for the purpose of identifying and compensating further victims of the Defendant's discriminatory conduct.  Doc. 1 at 9-14; App. B.

This Court has previously ordered the establishment of such a fund pursuant to a Consent Order or Consent Decree in numerous fair housing proceedings.  *United States of America and Intermountain Fair Housing Council v. Stealth Investment, LLC, et al.*, Case No. CV 07-500-E-EJL (D. Id. May 29, 2008) (establishing Victims' Compensation Fund in the amount of $12,500.00); *United States of America v. Taigen & Sons, Inc., et al.*, Case No. CV 01-337-N-EJL (D. Id. July 18, 2006) (establishing Victims' Compensation Fund in the amount of $55,000.00); *United States of America v. Thomas Development Co., et al.*, Case No. CV 02-68-C-EJL (D. Id. March 11, 2005) (establishing Victims' Compensation Fund in the amount of $100,000.00); *United States of America v. S-Sixteen Ltd. Partnership*, Case No. CV 03-154-S-BLW (D. Id. March 14, 2005) (establishing Victims' Compensation Fund in the amount of $40,000.00); *United States of America v. Pacific Northwest Electric, Inc., et al.*, Case No. Civil No. 01-19-S-BLW (D. Id. October 21, 2003) (establishing Victims' Compensation Fund in the amount of $29,000.00); *United States of America v. Virginia L. Vanderpool, et al.*, Case No. CIV 01-78-S-BLW (D. Id. April 27, 2002) (establishing Victims' Compensation Fund in the amount of $30,000.00); *United States of America, et al., v. Duane B. Hagadone, et al.*, Case No. CV 97-603-N-RHW (D. Id. July 6, 1999) (establishing Victims' Compensation Fund in the amount of $30,000.00).

PRETRIAL BRIEF IN SUPPORT OF
ESTABLISHMENT OF VICTIMS'
COMPENSATION FUND                    2

Although the Plaintiff is unaware of any fair housing proceedings in which a jury has provided such relief to a fair housing plaintiff, there is ample authority and sound policy reasons to support the establishment of such a fund.

The Fair Housing Act, 42 U.S.C. §3601 *et seq.*, (hereinafter "FHA") specifically provides for various and broad types of relief that may be granted if a court finds that a discriminatory housing practice has occurred or is about to occur.  42 U.S.C. §3613(c).  Specifically, the FHA provides that "the court may award to the plaintiff actual and punitive damages, and subject to subsection (d), may grant as relief, as the court deems appropriate, any permanent or temporary injunction, temporary restraining order, *or other order (including* an order enjoining the defendant from engaging in such practice or *ordering such affirmative action as may be appropriate)*.  *Id*. (emphasis added).

These particular provisions regarding damages as contained in the FHA make it clear that when the United States Congress enacted the FHA, it intended to leave great flexibility to the courts to fashion appropriate remedies.  In ordering equitable relief, the courts are to construe the FHA "generously so as to ensure the prompt and effective elimination of all traces of discrimination within the housing field."  *U.S. v. City of Parma*, 504 F.Supp. 913, 917 (N.D. Ohio 1980), *aff'd in part and rev'd in part on other grounds*, 661 F.2d 562 (6th Cir. 1981).

In construing the availability of damages in an FHA case, courts have uniformly held that equitable relief "should be structured to achieve the twin goals of assuring that the Act is not violated in the future and removing any lingering effects of past discrimination."  *Marable v. Walker*, 704 F.2d 1219, 1221 (11th Cir. 1983); *accord, Southern California Housing Rights Center v. Krug*, 564 F.Supp.2d 1138, 1145 (C.D. Cal. 2007); *U.S. v. Yonkers Bd. of Education*, 837 F.2d 1181, 1236 (2nd Cir. 1987); *Park View Heights Corp. v. City of Black Jack*, 605 F.2d

PRETRIAL BRIEF IN SUPPORT OF
ESTABLISHMENT OF VICTIMS'
COMPENSATION FUND                          3

1033, 1036 (8th Cir. 1979); *Gore v. Turner*, 563 F.2d 159, 165 (5th Cir. 1977); *U.S. v. Warwick Mobile Homes Estates, Inc.*, 558 F.2d 194, 197 (4th Cir. 1977); *U.S. v. West Peachtree Tenth Corp.*, 437 F.2d 221, 228 (5th Cir. 1971).

Furthermore, the Ninth Circuit Court of Appeals has observed that "the United States Supreme Court has ruled that the FHA must be given a generous construction in order to carry out a policy that Congress considered to be of the highest priority. *United States v. California Mobile Home Park Management Co.*, 29 F.3d 1413, 1416 (9th Cir. 1994) (internal quotations omitted) (citing *Trafficante v. Metropolitan Life Ins. Co.*, 409 U.S. 205, 211, 212, 93 S.Ct. 364, 367, 368, 34 L.Ed.2d 415 [1972]; *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380, 102 S.Ct. 1114, 1125, 71 L.Ed.2d 214 [1982]; *United States v. Gilbert*, 813 F.2d 1523, 1526-27 [9th Cir. 1987], *cert. denied*, 484 U.S. 860, 108 S.Ct. 173, 98 L.Ed.2d 127 [1987] ).

Federal courts have construed these provisions of the FHA to authorize broad equitable relief to victims of housing discrimination in violation of the FHA.  For example, one federal court rescinded two contracts into which a fair housing victim had been discriminatorily induced to enter.  *Sanborn v. Wagner*, 354 F.Supp. 291, 295-96 (D. Md. 1973).  Another federal court ordered the disgorgement of profits received by defendants as the result of discriminatory conduct in violation of the FHA.  *Zuch v. Hussey*, 394 F.Supp. 1028, 1055-59 (E.D. Mich. 1975), *aff'd and remanded*, 547 F.2d 1168 (6th Cir. 1977).

There are also ample policy reasons supporting the establishment of a Victims' Compensation Fund in this proceeding.  Evidence will be offered at trial which will establish that in 2003, the Defendant was subject to a housing discrimination complaint filed with the United States Department of Housing and Urban Development (hereinafter "HUD") regarding the very same violations as alleged in this proceeding, which is the charging of deposits on service

PRETRIAL BRIEF IN SUPPORT OF
ESTABLISHMENT OF VICTIMS'
COMPENSATION FUND                    4

animals.  Doc. 87, Exh. 1001.  The evidence will further establish that the Defendant entered into a Conciliation Agreement with HUD and the victim in that proceeding in which the Defendant agreed to return money paid by the victim.  Doc. 87, Exh. 1029.  Such evidence makes clear that the Defendant has maintained a long-term policy of discriminating against tenants with regards to service animals.  It is therefore very likely that there are a number of other, as-of-yet unidentified victims of the Defendant's discriminatory conduct.

It is worth noting that this Court has already ruled that the Defendant's conduct in charging deposits on service animals constitutes a violation of the FHA and that the Plaintiff has established a *prima facie* case of such a violation.  Doc. 47 at 9-14.  The evidence is therefore clear that the Defendant has continued its discriminatory policy even after being subjected to a housing discrimination proceeding before HUD.

Certainly, this evidence may justify an award to the Plaintiff of punitive damages pursuant to 42 U.S.C. §3613(c), which may help to achieve the goal of "assuring that the Act is not violated in the future. . . ."  *Marable* at 1221.  However, an award of punitive damages alone will not achieve the other goal of the FHA of "removing any lingering effects of past discrimination."  *Id*.  In order to achieve this goal, it is necessary that a Victims' Compensation Fund be established to identify and compensate such other victims.

Furthermore, the establishment of such a fund would promote judicial efficiency.  The Plaintiff is not prevented from engaging in actions on its own to identify further victims of the Defendant's discriminatory conduct.  However, the identity of such further victims would likely lead to further lawsuits being initiated and a concomitant increased burden on this Court.  The establishment of a Victims' Compensation Fund, which would facilitate the orderly and efficient identification and compensation of further victims, would help to alleviate this possibility.

PRETRIAL BRIEF IN SUPPORT OF
ESTABLISHMENT OF VICTIMS'
COMPENSATION FUND                              5

## II.  CONCLUSION

These authorities and policy considerations support the establishment of a Victims'

Compensation Fund in this proceeding to identify and compensate as-of-yet unidentified victims.

The Plaintiff therefore respectfully requests that this Court permit it to present to the jury

evidence and argument at the trial in this proceeding in support of the establishment of such a

fund.

DATED this ___9th___ day of ____January_____, 2012.


_____
KEN NAGY
Attorney for Plaintiff


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ___9th___ day of ____January_____, 2012,
I filed the foregoing electronically through the CM/ECF system, which caused the following
parties or counsel to be served by electronic means, as more fully reflected on the Notice of
Electronic Filing:

Douglas S. Marfice
Christopher D. Gabbert
Ramsden & Lyons, LLP
P.O. Box 1336
Coeur d'Alene, Idaho 83816-1336


_____
Ken Nagy


PRETRIAL BRIEF IN SUPPORT OF
ESTABLISHMENT OF VICTIMS'
COMPENSATION FUND                    6